UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| CATERPILLAR LOGISTICS SERVICES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 4:08-cv-213-RLY-WGH |
| MOORE SECURITY, L.L.C., | ) ) ) | |
| Defendant. | ) | |

## ORDER ON DEFENDANT'S MOTION TO ADD SIXTH AFFIRMATIVE DEFENSE

### I. Introduction

This matter is before the court on Defendant Moore Security's Motion to Add Sixth Affirmative Defense filed on November 6, 2009. (Docket No. 51). Plaintiff filed a response on November 20, 2009 (Docket No. 53), and Defendant filed a reply brief on November 24, 2009 (Docket No. 54).

### II. Analysis

Defendant filed this motion seeking to add a sixth affirmative defense that an unknown nonparty was at fault for Plaintiff's loss. (*See* Motion to Add Sixth Affirmative Defense at Ex. D). The amendment of pleadings by a party is governed by Rule 15(a) of the Federal Rules of Civil Procedure. That rule permits the amendment of a pleading after a responsive pleading has been filed only upon

leave of the court or consent of the adverse party, but notes that leave should be freely given when justice requires. FED. R. CIV. P. 15. "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Campania Management Co., Inc. v. Rooks, Pitts & Poust,* 290 F.3d 843, 848-49 (7th Cir. 2002).

While Defendant seeks to add a nonparty affirmative defense, both Indiana statutory and case law prohibit the use of a nonparty affirmative defense when the identity of such nonparty is unknown. In 1989, the Indiana Supreme Court, in *Cornell Harbison Excavating, Inc. v. May,* examined the question of whether or not fault may be allocated to an unnamed nonparty and determined that a party pleading a nonparty defense must specifically name the nonparty. *Cornell Harbison,* 546 N.E.2d 1186, 1187 (Ind. 1989). Defendant argues that the Indiana Legislature repudiated the Indiana Supreme Court's decision in *Cornell Harbison* when it amended the Indiana Code in 1998 to change the definition of a nonparty.[1] However, the Indiana Court of Appeals in 2001 acknowledged that the

---

[1]The Indiana Legislature amended the definition of a "nonparty" from "a party 'who is, or may be, liable to the claimant in part or in whole for the damages claimed but who has not been joined in the action as a defendant by the claimant'" to "a person who caused or contributed to cause the alleged injury, death, or damage to property but who has not been joined in the action as a defendant." See *Cornell Harbison,* 546 N.E.2d at 1187; Ind. Code § 34-6-2-88.

holding in *Cornell Harbison* was still controlling when it explained that "a defendant who intends to use a nonparty defense must specifically name the nonparty." *Owens Corning Fiberglass Corp. v. Cobb,* 754 N.E.2d 905, 913 (Ind. Ct. App. 2001). The fact that, in Indiana, a nonparty must be named in order to assert a nonparty defense is further supported by Ind. Code § 34-51-2-11. That portion of the Indiana Code provides for the manner in which a court is to furnish a jury verdict form in a case where there is comparative fault as follows:

> The court shall furnish to the jury forms of verdicts that require only the disclosure of:
> (1) the percentage of fault charged against each party and nonparty; and
> (2) the amount of the verdict against each defendant.
> If the evidence in the action is sufficient to support the charging of fault to a nonparty, *the form of verdict also shall require a disclosure of the name of the nonparty and the percentage of fault charged to the nonparty.*

Ind. Code § 34-51-2-11 (emphasis added).

In this case, Defendant alleges that some amount of fault should be apportioned to an unnamed nonparty thief who removed the tractor-trailer at issue. It is clear from the Magistrate Judge's review of the relevant authorities that Defendant cannot assert this nonparty affirmative defense without naming the party. Hence, Defendant's attempt to add a sixth affirmative defense would be futile and is, therefore, not warranted.

**III.   Conclusion**

For the reasons outlined above, Defendant Moore Security's Motion to Add Sixth Affirmative Defense is **DENIED.**

   **SO ORDERED.**

Dated:  December 9, 2009

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Douglas B. Bates
STITES & HARBISON, LLP
dbates@stites.com

Scott J. Brown
CASSIDAY SCHADE LLP
sjb@cassiday.com

Richard L. Campbell
CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.
rlcampbell@campbell-trial-lawyers.com

Richard P Campbell
CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.
rpcampbell@campbell-trial-lawyers.com

John A.K. Grunert
CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.
jgrunert@campbell-trial-lawyers.com