UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| CATERPILLAR LOGISTICS SERVICES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 4:08-cv-213-RLY-WGH |
| MOORE SECURITY, L.L.C., | ) ) ) | |
| Defendant. | ) | |

## ORDER ON DEFENDANT'S
## MOTION TO QUASH SUBPOENA

This matter is before the court on Defendant Moore Security's Motion to Quash Subpoena filed on November 20, 2009. (Docket No. 52). Plaintiff filed a response on December 4, 2009 (Docket No. 56), and Defendant filed a reply brief on December 14, 2009 (Docket No. 59).

On November 16, 2009,[1] Plaintiff issued a subpoena duces tecum to non-party Supply Chain Solutions ("SCS"), who had previously occupied the warehouse at issue in this suit, and who had previously entered into an agreement with Defendant for security at the warehouse. The subpoena sought the following evidence:

---

[1] On December 11, 2009, after the filing of Defendant's Motion to Quash Subpoena, Plaintiff issued a second subpoena duces tecum to SCS at a different corporate location. The second subpoena duces tecum is identical in substance to the first one. Defendant, in its reply brief, raises all of the same objections to the second subpoena duces tecum, and the court's analysis is applicable to both subpoenas.

1. Any and all records and documents in the possession of Supply Chain Solutions ("SCS") relating to contractual and/or agreement relationships between SCS and Moore Security, LLC that dealt with the warehouse property located at 7101 Intermodal Dr. #A, Louisville, Kentucky ("Louisville facility");

2. All facility photographs, diagrams, charts, sketches, video and audio recording in the possession of SCS relating to the Louisville facility;

3. All records and documents relating to the closed circuit television (CCTV) and surveillance systems for the Louisville facility;

4. Any and all manuals, handbooks, guidebooks or instruction booklets used by SCS and Moore Security, LLC while at the Louisville facility;

5. Any and all investigation reports, photographs, diagrams, surveillance video tapes, notes, witness statements, police reports, employee communications, logs and reports, concerning any theft, reported or unreported, that purportedly occurred at the Louisville facility;

6. Any incident reports, daily logs, officer reports, daily activity reports, employee sign-in/sign-out records, post orders, time logs or documents completed by a Moore Security, LLC employee while SCS was a tenant at the Louisville facility;

7. All records and documents relating to any work agreements between SCS and Moore Security LLC pertaining to the Louisville facility;

8. Any and all records in the possession of SCS created or generated by a Moore Security, LLC employee.

Defendant, in its Motion to Quash Subpoena, agrees that production of item number three is permissible, but objects to the production of all remaining seven items. Defendant argues that all of Plaintiff's claims arise out of a contractual relationship between it and Plaintiff and that the evidence that Plaintiff seeks

from SCS is irrelevant to the current dispute. Plaintiff's Complaint raises claims of breach of contract/indemnity, breach of implied warranties, and negligence. (*See* Complaint).

      Having reviewed the parties arguments, as well as the eight categories of information sought in the subpoena duces tecum issued to SCS, the court concludes that any evidence regarding the contractual relationship between SCS and Defendant is irrelevant to the dispute in this case. Hence, Defendant's Motion to Quash Subpoena is **GRANTED** as to item one. However, any evidence that SCS possesses about the warehouse at issue in this case, as well as Defendant's security practices at the warehouse, could include information relevant to one or more of Plaintiff's claims. How Defendant chose to staff its security team, patrol the warehouse, position cameras, and man those cameras during its time providing security for SCS could all be relevant to whether or not Defendant provided inadequate security for the warehouse while contracting with Plaintiff. Additionally, the security history of the warehouse could also be of some relevance. If there were prior thefts that occurred because of inadequate staffing, misplacement of security cameras, improper procedures regarding breaks for security personnel, or other security-related reasons, that evidence could be relevant to Plaintiff's claims as Plaintiff may be able to argue that Defendant had notice of such inadequacies. Therefore, all remaining items sought are relevant, and Defendant's Motion to Quash Subpoena is **DENIED.**

-4-

For the reasons outlined above, Defendant Moore Security's Motion to Quash Subpoena is **GRANTED, in part,** and **DENIED, in part.**

**SO ORDERED.**

**Dated:**  December 23, 2009

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Douglas B. Bates
STITES & HARBISON, LLP
dbates@stites.com

Scott J. Brown
CASSIDAY SCHADE LLP
sjb@cassiday.com

Richard L. Campbell
CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.
rlcampbell@campbell-trial-lawyers.com

Richard P Campbell
CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.
rpcampbell@campbell-trial-lawyers.com

John A.K. Grunert
CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.
jgrunert@campbell-trial-lawyers.com